IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Doris Fretwell, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 5230 |
| Valentine & Kebartas, Inc., a Massachusetts corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Doris Fretwell, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Doris Fretwell ("Fretwell"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Valentine & Kebartas, Inc., is a Massachusetts corporation ("V&K") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant V&K operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including consumers in the State of Illinois. In fact, Defendant V&K was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Fretwell.

5. Defendant V&K is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, V&K conducts business in Illinois.

6. Moreover, Defendant V&K is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, V&K acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Fretwell is a senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant V&K began collection actions on one of those delinquent debts, Ms. Fretwell sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant V&K's collection actions.

8. Accordingly, on July 21, 2010, one of Ms. Fretwell's attorneys at LASPD informed Defendant V&K, in writing, that Ms. Fretwell was represented by counsel, and directed V&K to cease contacting her, and to cease all further collection actions

2

because Ms. Fretwell was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant V&K called Ms. Fretwell, from phone number 800-731-7766, to demand payment of the debt at issue, including, but not limited to, a telephone call on July 28, 2010.

10. Accordingly, on August 4, 2010, Ms. Fretwell's LASPD attorney had to send Defendant V&K another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Undeterred, Defendant called Ms. Fretwell on August 13, 2010, to demand payment of the debt at issue.

12. Defendant V&K's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant V&K's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letters from Ms. Fretwell's agent, LASPD, told Defendant V&K to cease communications and cease collections (Exhibits C and D). By continuing to communicate regarding this debt and demanding payment, Defendant V&K violated § 1692c(c) of the FDCPA.

17. Defendant V&K's violations of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant V&K knew that Ms. Fretwell was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibits C and D), that she was represented by counsel, and had directed Defendant V&K to cease directly communicating with Ms. Fretwell. By directly calling Ms. Fretwell, despite being advised that she was represented by counsel, Defendant V&K violated § 1692c(a)(2) of the FDCPA.

21. Defendant V&K's violations of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Doris Fretwell, prays that this Court:

    1.       Find that Defendant V&K's debt collection actions violated the FDCPA;

    2.       Enter judgment in favor of Plaintiff Fretwell, and against Defendant V&K, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.       Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Doris Fretwell, demands trial by jury.

                                      Doris Fretwell,

                                      By: /s/ David J. Philipps_____
                                      One of Plaintiff's Attorneys

Dated: August 18, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com